**Arley WARD, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.**

No. 485–69.

United States Court of Appeals, Tenth Circuit.

April 15, 1970.

Rehearing Denied May 13, 1970.

---

Richard W. Bryans, Denver, Colo., for appellant.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen., Oklahoma, on the brief) for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

The appeal is from an order denying and dismissing a petition for a writ of habeas corpus brought by a state prisoner.

In 1947 a state court indictment was returned against appellant Ward for first degree murder. A jury was empaneled and sworn and after two days of trial Ward pled guilty to a lesser included offense, first degree manslaughter. The jury was dismissed and a sentence of forty years was imposed. In 1961 Ward began state habeas corpus proceedings to set aside the original sentence. When the state court denied the writ,[1] a similar petition was filed in the federal district court. The trial court there denied relief but we reversed for an evidentiary hearing to determine the voluntariness of the guilty plea.[2] A hearing was held and it was determined that the plea was involuntary and the State of Oklahoma was given sixty days to act or appeal.[3] The State chose to retry Ward in 1965, on the original first degree murder charge. The jury in that retrial returned a guilty verdict on the first degree murder charge and Ward was sentenced to life imprisonment. Thereafter an appeal was taken to the Oklahoma Court of Criminal Appeals which held that Oklahoma was estopped to try Ward on the murder charge.[4] Nonetheless, rather than reverse, the Court of Criminal Appeals chose to reduce the sentence to forty years, crediting the time already spent, on the ground that the jury verdict necessarily in-

1. Ward v. Raines, 360 P.2d 953 (Okl.Cr. 1961).

2. Ward v. Page, 336 F.2d 602 (10th Cir. 1964).

3. Ward v. Page, 238 F.Supp. 431 (D.Okl. 1965).

4. Ward v. State, 444 P.2d 255 (Okl.Cr. 1968).

cluded a finding of guilt on the manslaughter charge.

■■ Appellant thereafter filed a petition for a habeas corpus writ in the United States District Court, which was denied on original hearing and on rehearing. He is here on appeal from that denial, urging that he has been denied due process of law within the meaning of the Fifth and Fourteenth Amendments by having been placed in double jeopardy. Appellant's essential reliance is placed on the Fifth Amendment double jeopardy cases which are facially analogous to his cause.[5] Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) applied the basic tenants of the Fifth Amendment double jeopardy clause to the individual states through the due process clause of the Fourteenth Amendment. Both Benton and our recent case, Booker v. Phillips, 418 F.2d 424 (10th Cir. 1969), hold that a criminal defendant, tried before a jury, convicted on a lesser included offense and acquitted on the greater offense may not be retried on the greater offense after a successful appeal. The theory upon a retrial after reversal, is that the defendant has consented to waive the plea of double jeopardy only as to the offenses upon which he was convicted. As to the other charges, "the Government * * * [is not allowed to] allege its own error to deprive the defendant of the benefit of an acquittal by a jury." Benton v. Maryland, 395 U.S. 784, 797, 89 S.Ct. 2056, 2064, 23 L.Ed.2d 707, 717 (1969). In other words, the double jeopardy waiver does not extend to the acquittal offenses. The result is that absent an acquittal on the greater offense, a criminal defendant may be retried, after reversal on appeal, for all the charges in the original indictment.

■■ The facts of the instant controversy remove it from the Benton and Booker rules. Here Ward was indicted for first degree murder. A jury trial was commenced but before the case was submitted to the jury, a plea of guilty was entered to a lesser included offense, first degree manslaughter. Thus, unlike Booker, under these procedural facts it cannot be said that Ward was acquitted of the offense of first degree murder. It is true that a guilty plea is as final as a jury verdict but the double jeopardy implications reverbrating from a guilty plea and a jury verdict are not identical. In Booker, it was plainly apparent from the instructions given to the jury in the first trial that the verdict on the lesser included offense operated as an acquittal on the greater offenses.[6] But we have found no cases, and appellant alludes to no authority, which suggests that a guilty plea to a lesser offense operates as an acquittal on all greater offenses. Without having been acquitted on the greater offense, neither Benton nor Booker preclude retrial in this case on the greater offense and appellant's double jeopardy argument must fail.

■ A secondary attack on the 1965 trial is that appellant was "found guilty by verdict of Pre-Trial Publicity * * *." The statement of prejudicial pre-trial publicity is wholly conclusory, without allegations of fact to substantiate it. In a collateral attack on a criminal judgment, the prisoner must state some factual basis for the relief sought.[7] There is nothing here but conclusions insufficient to entitle appellant to relief.

Affirmed.

5. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir. 1965).

6. Booker v. Phillips, 418 F.2d 424, 425, n. 1 (10th Cir. 1969).

7. Atkins v. State of Kansas, 386 F.2d 819 (10th Cir. 1967); Martinez v. United States, 344 F.2d 325 (10th Cir. 1965).