**Seanarfis RIVERS, Petitioner and Appellee,**

v.

**William LUCAS and the Honorable Henry Heading, Respondents and Appellants.**

**No. 72-1792.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1973.

Decided April 24, 1973.

Dominick R. Carnovale, Chief App. Dept., Asst. Pros. Atty., Detroit, Mich., for respondents and appellants; Frank J. Kelley, Atty. Gen., State of Michigan, Robert A. Derengoski, Sol. Gen., State of Michigan, Lansing, Mich., William L. Cahalan, Pros. Atty., Wayne County, Mich., Edward R. Wilson, Asst. Pros. Atty., Detroit, Mich., on brief.

Kenneth A. Webb, Detroit, Mich., for petitioner-appellee.

Before WEICK, MILLER and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

This is an appeal from a District Court order which granted a conditional writ of habeas corpus to Seanarfis Rivers who was in custody of the State of Michigan. The condition is that the prisoner be released unless the State shall reduce the charge against him to "not more than manslaughter." The opinion of the District Court is reported at 345 F.Supp. 718. Pursuant to Rule 10(d), Federal Rules of Appellate Procedure, the parties filed the following agreed statement of the case:

On October 19, 1970, an Information was filed in the Recorder's Court for the City of Detroit charging Petitioner-Appellee with the offense of Murder in the First Degree in Perpetration of a Larceny (Michigan Compiled Laws os [sic] 1948, 750.316 as amended by PA 1969, No. 331). Petitioner-Appellee was not charged with being the actual killer. On January 19, 1971, Petitioner-Appellee entered a plea of guilty to the offense of Manslaughter, which plea was accepted by the Recorder's Court. On February 9, 1971, Petitioner-Appellee was sentenced to be committed to the State Correction Commission to serve not less than fourteen years nor more than fifteen years.

On June 28, 1971 the Michigan trial court denied Petitioner-Appellee's Motion to Set Aside Plea of Guilty and for a New Trial and on that same date Petitioner-Appellee filed a Claim of Appeal in the Michigan Court of Appeals.

On March 23, 1972, the Michigan Court of Appeals ordered the conviction of Petitioner-Appellee reversed and remanded the cause to the Recorder's Court for further proceedings. The sole authority cited in support of the Order by the Michigan Court of Appeals was the case of People v. Jaworski, 387 Mich. 21, 194 N.W.2d 868 (1972).

On April 18, 1972, Petitioner-Appellee filed with the Recorder's Court a Motion to Quash Information or to Reduce Charge to Manslaughter. This motion was denied by the Recorder's Court on May 11, 1972. On May 12, 1972 Petitioner-Appellee filed in the Michigan Court of Appeals an Emergency Application for Leave to Appeal from the denial of that motion and for Immediate Consideration and Motion for Stay of that Order and for Immediate Consideration. The Michigan Court of Ap-

peals on May 15, 1972 granted Immediate Consideration and denied both the Stay and Leave to Appeal. On May 12, 1972 Petitioner-Appellee also filed in the Michigan Supreme Court Emergency Application for Leave to Appeal from that Order of the trial court, motion to bypass the Court of Appeals of Michigan, Motion for Immediate Consideration and motion for Stay of Proceedings. On May 18, 1972 the Michigan Supreme Court granted Immediate Consideration and bypass and denied Leave to Appeal and Stay of Proceedings.

On May 23, 1972, Petitioner-Appellee filed Application for a Writ of Habeas Corpus in the United States District Court, Eastern District of Michigan, Southern Division, pursuant to which the Honorable John Feikens on June 14, 1972 ordered that the appellant be released from custody unless the State reduces the charge on the Information to no more than Manslaughter.

From the Order of the U. S. District Court, the respondents named therein filed their Notice of Appeal to the U.S. Court of Appeals for the Sixth Circuit on July 3, 1972.

On July 13, 1972 Petitioner-Appellee filed a Motion to Set Bond Pending Trial in the Recorder's Court for the City of Detroit which was denied on July 18, 1972. On July 21, 1972 Petitioner-Appellee filed in the Michigan Court of Appeals Emergency Application for Leave to Appeal from that Order and for Immediate Consideration and to Set Bond. On July 27th the Michigan Court of Appeals granted the Motion for Immediate Consideration and denied the Motion to Set Bond and the Application for Leave to Appeal. On August 3, 1972 Petitioner-Appellee filed in the Michigan Supreme Court Emergency Application for Leave to Appeal, for Immediate Consideration, and to Set Bond. On August 24, 1972 the Michigan Supreme Court granted the Emergency Application for Leave to Appeal and ordered Petitioner-Appellee admitted to bail pending a determination of the instant appeal.

The appellants ask that we reconsider and overrule Mullreed v. Kropp, 425 F. 2d 1095 (6th Cir. 1970), wherein we directed that habeas corpus relief be granted a prisoner being held under circumstances similar to those in this case. The facts in the two cases are not exactly parallel in that the petitioner Mullreed, at the time of his plea, was charged with two offenses in separate counts, and pled guilty to the lesser one; whereas appellee Rivers was charged in a single count with one offense and was permitted to plead to a lesser included offense. In *Mullreed* this Court held that the constitutional prohibition against double jeopardy would be violated if one who successfully appealed from a guilty plea to the lesser charge were permitted to be tried subsequently on the more serious charge contained in the indictment.

The original not guilty plea of Mullreed to the more serious charge remained in effect at the time his guilty plea to the lesser charge was accepted. The crucial factor on the issue of double jeopardy was held to be "the State's relinquishment of its rights, or its refusal, to prosecute on count one" (the more serious charge). 425 F.2d at 1099. However, the addition of the second count charging the lesser offense was not essential to the outcome, since the charges arose out of the same occurrence and the lesser offense of unarmed robbery was necessarily included in the charge of armed robbery. In the present case, the charge of manslaughter is a lesser offense included in the charge of murder. Thus the *Mullreed* rule applies even though appellee Rivers was only charged with one offense.

In Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), the Supreme Court discussed the history and development of the double jeopardy plea. It was pointed out that a defendant can be tried a second time for the *same offense* following a successful appeal from a prior conviction. This does not constitute double jeopardy, either on the theory that this defense is

waived when the convicted person seeks to set his conviction aside, or on the theory that his former jeopardy is continued until all proceedings with respect to the first trial come to an end. He may even receive a more severe sentence on retrial. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The situation is different, however, when the jury has failed to find a defendant guilty on a more serious charge and convicted him on a lesser one. Then, when he is successful in overturning the conviction, he may not be put in jeopardy again for the more serious charge, though he may be tried again on the same, less serious offense, Green v. United States, *supra*, at 191, 78 S.Ct. 221. This Court held in *Mullreed* that for purposes of testing a double jeopardy plea there is no difference between the jury's refusal to convict on the more serious charge and a court's implicit refusal to do so when it accepts a guilty plea to a lesser included offense.

Shortly after Mullreed v. Kropp, *supra*, was announced, the Supreme Court, per Chief Justice Burger for a unanimous court (with one justice not participating), rendered its decision in Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). Adopting the continuing jeopardy theory as described in Green v. United States, *supra*, the Court held that a jury's conviction of manslaughter implied an acquittal of the charge of murder and the defendant could not again be subjected to the hazard of a murder conviction following reversal of the manslaughter conviction. The Court emphasized that the prohibition against double jeopardy is not one against being twice punished, but is concerned with the *risk* or hazard of conviction of an offense of which a person has been acquitted.

■ We affirm that there is implicit in a court's acceptance of a plea to an included lesser offense a determination that the right to prosecute the defendant on the more serious offense with which he is charged has been relinquished.

The effect of the entire transaction, for double jeopardy purposes, is the equivalent of a jury's refusal to convict on the more serious charge. Only if this is true may a defendant seek review of his conviction without being faced with the "incredible dilemma" of choosing between a legal right of appeal and the possibility that success will revive the hazard of conviction of a charge which the prosecution had willingly abandoned in exchange for his plea. Mullreed v. Kropp, *supra*, at 1102. The continuation principle of jeopardy makes it possible for appellee Rivers to be tried again for the same offense of which he was convicted by his guilty plea (manslaughter), but his successful appeal did not open the way for him to be once again subjected to the risk of a prosecution for murder.

The appellants contend that Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), overruled this Court's decision in Mullreed v. Kropp, *supra*. Santobello dealt with "plea bargaining" and the rights of a defendant where the prosecution reneges on its agreement after obtaining a guilty plea. Since the Supreme Court remanded for consideration by the trial court of two alternative procedures for correcting the error, no consideration of double jeopardy was required. In stating that the defendant would plead anew to the original charge on two counts if the trial court should permit him to withdraw his original guilty plea, the Court did not say, or even intimate, that he could not plead the constitutional prohibition against double jeopardy as a bar to prosecution on the more serious of the two counts. The language of the Supreme Court places no limitation on the nature of the plea which a defendant in such a situation may interpose.

■ The appellants contend that the appellee Rivers did not exhaust his state remedies before seeking federal habeas corpus relief. The steps he has taken in the Michigan Courts are set forth in the statement of the case. The only thing left for him to do in the state courts is

to submit to trial on the murder charge. Since exposure to the risk of conviction is the very thing he is seeking to avoid, this step is not necessary for a complete exhaustion of state remedies where freedom from double jeopardy is the right sought to be preserved. As District Judge Feikens pointed out in his opinion, there is a valid consideration of judicial economy. Even if appellee were tried for murder and found guilty only of manslaughter, a new trial would be necessary, because the second jeopardy on a murder charge would not be harmless error. Price v. Georgia, *supra*, at 331, 90 S.Ct. 1757.

While the Supreme Court of Michigan has not ruled on the critical question in this case, the Court of Appeals of Michigan has consistently refused to follow Mullreed v. Kropp, *supra*.[1] In the instant case, after the trial court had refused to quash the information or reduce the charge to manslaughter, the Court of Appeals of Michigan denied leave to appeal "for the reason that no persuasive basis therefor is presented to the Court." Thereafter, the Supreme Court of Michigan granted bypass and denied leave to appeal without giving a reason. The appellee has presented his grievance to the courts of Michigan and they have had an opportunity to adjudicate his claim of a constitutional violation. This is sufficient to satisfy the requirement of 28 U.S.C. § 2254 that every available state remedy shall be exhausted. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

█ █ The appellants also maintain that since appellee has not been convicted he is not being held "pursuant to the judgment of a State Court" as required by Section 2254. This argument misconceives the nature of habeas corpus, which is an original civil remedy to secure the petitioner's liberty, not another stage of the previous criminal proceedings. Fay v. Noia, *supra*, at 423–424, 83 S.Ct. 822. Appellee is being held pursuant to a judgment of the Recorder's Court of Detroit which denied his motion to quash or reduce the charge to manslaughter. The statute does not require a final judgment of conviction. Furthermore, it was stated in Fay v. Noia, *supra*, that this statutory requirement is not jurisdictional: "The jurisdictional prerequisite [in the lower federal courts] is not the judgment of a state court but detention simpliciter." 372 U.S. at 430, 83 S.Ct. at 844.

█ It is also contended by the appellants that the granting of habeas corpus to a state prisoner being held for trial amounts, in effect, to issuing an injunction to stay state proceedings in contravention of 28 U.S.C. § 2283. The cases cited by appellants do not support their argument, and we have found no Supreme Court decision which holds that pretrial habeas corpus relief is the equivalent of an injunction to stay proceedings in a state court. We decline to follow Drury v. Cox, 457 F.2d 764 (9th Cir. 1972), to the extent that it equated the two types of action.

The Court has considered the arguments of appellants and the cases cited by them, including Ward v. Page, 424 F.2d 491 (10th Cir. 1970), cert. denied, 400 U.S. 917, 91 S.Ct. 177, 27 L.Ed.2d 157 (1970), and United States ex rel. Williams v. McMann, 436 F.2d 103 (2d Cir. 1970), cert. denied, 402 U.S. 914, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971). We continue to adhere to our decision in Mullreed v. Kropp, *supra*.

The order of the District Court is affirmed.

---

1. E. g., People v. Harper, 32 Mich.App. 73, 188 N.W.2d 254 (1971), where that Court said: "We hereby express total disagreement with the *Mullreed* opinion. It ignores the importance of the plea milieu. Compare, Ward v. Page, *supra*. We agree, rather, with every contention raised on behalf of the State of Michigan in *Mullreed* and think the Sixth Circuit's opinion should not and need not be followed in Michigan. . . ." 188 N.W. 2d at 258.