**Vaughn Parrish HAWK,
Petitioner-Appellee,**

v.

**Harry BERKEMER, Sheriff, et al.,
Respondents-Appellants.**

No. 79–3068.

United States Court of Appeals,
Sixth Circuit.

Argued June 19, 1979.

Decided Dec. 12, 1979.

Alan C. Travis, Asst. Pros. Atty., Columbus, Ohio, for respondents-appellants.

Gregory L. Ayers, Franklin County Public Defender, Columbus, Ohio, for petitioner-appellee.

Before ENGEL and MERRITT, Circuit Judges, and PECK, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this habeas corpus case, we hold that double jeopardy principles do not prohibit

reprosecution on a higher offense after a state appellate court has reversed a plea-bargained conviction on a lesser included offense.

## I.

Petitioner, Hawk, was indicted in Ohio in 1975. Counts I and II charged aggravated murder; Count III charged attempted murder; Count IV charged aggravated burglary; these crimes are in violation of Ohio Rev.Code 2903.01(A) and (B), 2903.02 and 2923.11, respectively.

Hawk and the prosecutor entered into a plea bargain. Hawk entered a plea of guilty to murder, a lesser included offense of aggravated murder, charged in Counts I and II. The prosecuting attorney in turn asked the court to dismiss all other charges.

Hawk then appealed the conviction to the state Court of Appeals. It reversed and remanded Hawk's conviction, not for any reasons related to the sufficiency of the evidence but because the trial judge had failed to inquire whether Hawk understood the nature of the charge and his fifth amendment right not to testify.

On remand, the prosecution asked to set aside the prior dismissal of the other counts and to reinstate all four counts of the original indictment. Hawk claimed that reinstatement would violate double jeopardy, arguing that the state could only reprosecute on the lesser offense of murder to which he had earlier pleaded guilty. The trial court allowed reprosecution on all the offenses. Petitioner requested a writ of prohibition in the Supreme Court of Ohio to block the retrial. That Court dismissed the appeal without opinion. Hawk then filed a petition for a writ of habeas corpus in federal court. The federal court ruled that the

counts to which petitioner did not plead guilty (Counts III and IV) could be reinstated relying on *United States v. Smith,* 584 F.2d 759 (6th Cir. 1978); but relying on our decision in *Mullreed v. Kropp,* 425 F.2d 1095 (6th Cir. 1970) and *Rivers v. Lucas,* 477 F.2d 199 (6th Cir.), *vacated and remanded on other grounds,* 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 (1973), the court ruled that reinstatement of the higher offense of aggravated murder charged in Counts I and II would violate double jeopardy.

## II.

The state concedes that the holdings of *Rivers* and *Mullreed* are contrary to its position but urges us to overrule these cases. All other circuits that have ruled on this question, five in number, have disagreed with the analysis employed in *Rivers* and *Mullreed.*[1]

Hawk argues that double jeopardy bars retrial on the greater offenses listed in Counts I and II. He claims that *Rivers* and *Mullreed* constitute the applicable law of this Circuit and that we should follow the doctrine of *stare decisis.* Hawk does not contest the District Court ruling regarding Counts III and IV, or the state's right to retry him on the lesser offense.

## III.

In *Rivers v. Lucas,* 477 F.2d 199, 202 (6th Cir. 1973), *vacated on other grounds,* 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 (1976), this Court held under double jeopardy principles that a defendant, indicted for first degree murder, who pleaded guilty to manslaughter, a lesser included offense, may not be reprosecuted for murder after the manslaughter conviction is set aside. "[I]mplicit in the [trial] court's acceptance

1. *See United States v. Williams,* 534 F.2d 119 (8th Cir. 1976) (charged with aggravated bank robbery and plea bargained to lesser included offense of bank robbery); *United States v. Anderson,* 514 F.2d 583 (7th Cir. 1975) (indicted for armed robbery and plea bargained to lesser included offense of robbery); *United States ex rel. Williams v. McMann,* 436 F.2d 103 (2d Cir. 1970) (charged with felonious sale of narcotic drug and plea bargained to lesser included of-

fense of attempted felonious sale); *Ward v. Page,* 424 F.2d 491 (10th Cir. 1970) (charged with first degree murder and pleaded guilty to lesser included offense of first degree manslaughter); *United States v. Myles,* 430 F.Supp. 98 (D.D.C.1977), *aff'd without opinion* 186 U.S. App.D.C. 330, 569 F.2d 161 (D.C. Cir. 1978) (plea bargained to one gambling offense and other gambling charges dismissed).

of a plea" to a lesser included offense, we said, is the "determination" that the state has "relinquished" its power to prosecute the greater offense, a determination "equivalent" to the jury's refusal to convict for the greater. Although five other circuits disagree with our reasoning, *Rivers* is the law of this Circuit, unless the Supreme Court has undermined its authority in later decisions. We believe, however, that the Supreme Court's decision and reasoning in *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), *reversing* 544 F.2d 903 (6th Cir. 1976) and overruling *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975) and *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977), is inconsistent with and does require us to overrule *Rivers*.

■ In *Scott* the federal trial court erroneously dismissed two counts of a narcotics indictment at the end of all the proof on grounds of prejudicial pre-indictment delay and the jury acquitted the defendant on the third count. Holding that the defendant could be retried on the two counts erroneously dismissed, the Supreme Court stated that a judgment of acquittal "based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." (footnote omitted) 437 U.S. at 91, 98 S.Ct. at 2193. But "a defendant is *acquitted only when* 'the ruling of a judge, whatever its

label, *actually* represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged'." (emphasis added) *Scott,* 437 U.S. at 97, 98 S.Ct. at 2196, 2197 quoting *United States v. Martin Linen*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). This flatly conflicts with *Rivers'* idea of an implicit acquittal, the idea that a court's acceptance of a guilty plea to one count and dismissal of others is "equivalent" to a jury verdict of not guilty on the other charges.

The trial court in this case had not been "given a full opportunity to return a verdict [on the greater charge]." *Green v. United States,* 355 U.S. 184, 191, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957). The parties presented no evidence relating to the distinct elements of aggravated murder. The trial judge made no finding of culpability on this higher offense and Ohio law did not require him to do so.[2] Consequently, even assuming the prosecution "had relinquished" its power to prosecute, this could not amount to an acquittal as defined in *Scott.*

■■ Nor do we believe the prosecution waived its power to prosecute by requesting dismissal. Double jeopardy principles bar retrial after a mistrial in some situations, even in the absence of a finding based on the sufficiency of the evidence, but these principles are not applicable in a case where the accused himself has terminated an inquiry into an element of culpability.[3]

**2.** According to the Ohio Rules of Criminal Procedure 11(C)(2):

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses

against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. No full evidentiary hearing is prescribed. We note one Ohio case holding that a trial judge in state proceedings is not required to determine whether there is satisfactory factual basis for a guilty plea provided the plea is knowingly and intelligently made. *See State v. Ricks,* 48 Ohio App.2d 128, 356 N.E.2d 312 (1976). In contrast Federal Rule of Criminal Procedure 11(f) requires the court to find such a factual basis.

**3.** *See United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). These cases discuss

In the instant case, the motion to dismiss must in part be attributed to the defendant. Hawk took an active role in negotiating the plea bargain and failed to register any objection. He thus successfully terminated trial proceedings that would have determined the issue of guilt or innocence. Such action "by the defendant is deemed to be a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact."[4] *Scott*, 437 U.S. at 93, 98 S.Ct. at 2195. Any waiver by the government was only conditional on the defendant's guilty plea, a plea the defendant has in effect withdrawn.

A contrary holding conflicts with the Supreme Court's reasoning in *Scott, supra,* and undermines the plea bargaining process, a mechanism which the Supreme Court has endorsed.[5] A proper balance between the public's interest in a completed trial and the accused's right to face only one tribunal requires that the state have the power to reinstate the original charges.

Accordingly, we reverse the judgment of the District Court.

mistrials granted on the motion of the court or the prosecution over defendant's objection before a ruling on culpability has been made. If there is evidence of overreaching or an absence of "manifest necessity" for the mistrial, the Government has relinquished its power to prosecute and retrial is barred under the Double Jeopardy clause. When the motion is made by the defendant, however, the prosecution has relinquished nothing, unless there is proof that the prosecution's bad faith conduct forced defendant to move for mistrial.

4. There is no allegation in the record of bad faith or overreaching by either the trial court or the prosecution. This would be a different case if Hawk had alleged that he was illegally coerced into pleading guilty. The mere threat to prosecute on the higher offense, however, does not amount to illegal coercion. *Cf. Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

5. *See, e. g., Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).