Howard James KLOBUCHIR, Appellant,

v.

COMMONWEALTH OF PENNSYLVANIA and the District Attorney of Allegheny County, Pennsylvania, Appellees.

No. 80–1925.

United States Court of Appeals,
Third Circuit.

Argued Nov. 6, 1980.

Decided Jan. 23, 1981.

Rehearing Denied March 23, 1981.

Michael W. Zurat (argued), Mullen & Zurat, Pittsburgh, Pa., for appellant.

Robert C. Colville, Dist. Atty., Kathryn L. Simpson, Asst. Dist. Atty. (argued), Pittsburgh, Pa., for appellees.

Before HUNTER and GARTH, Circuit Judges and SAROKIN, District Judge.[*]

## OPINION OF THE COURT

GARTH, Circuit Judge.

This appeal requires us to decide whether the double jeopardy clause of the Constitution [1] bars Pennsylvania from retrying Klobuchir on his original first degree murder indictment after the state court had vacated his plea-bargained conviction for third degree murder. We hold that double jeopardy does not bar Klobuchir's retrial.

---

[*] Honorable H. Lee Sarokin, United States District Judge for the District of New Jersey, sitting by designation.

1. The double jeopardy clause of the Fifth Amendment provides that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb ...." The double jeopardy clause is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

## I.

Howard James Klobuchir allegedly fired a gun into a parked car on August 21, 1975 killing Richard Bates. Klobuchir's estranged wife Bertha was in the car at the time of the shooting. On October 20, 1975, Klobuchir was indicted for murder[2] and also for voluntary manslaughter.[3] The presence of his wife Bertha in the car caused Klobuchir to be indicted as well for aggravated assault and recklessly endangering another person. On March 10, 1976, pursuant to a plea agreement made with the Commonwealth, Klobuchir pleaded guilty to third degree murder and aggravated assault. He was sentenced to 10 to 20 years on the third degree murder count and received a consecutive sentence of 5 to 10 years on the aggravated assault count.

On January 17, 1978 the Court of Common Pleas granted Klobuchir's application for post-conviction relief and vacated his guilty plea conviction for third degree murder.[4] The Common Pleas Court found that the original trial judge had not informed Klobuchir of the presumption of innocence as required by the Pennsylvania Rules of Criminal Procedure.[5] Prior to trial, Klobuchir sought to have the first degree murder charge dismissed, claiming that prosecution on this charge violated his right to be free from double jeopardy. The trial judge denied the application, and the Pennsylvania Supreme Court affirmed that order by a 3 to 3 vote. *Commonwealth v. Klobuchir*, 486

Pa. 241, 405 A.2d 881 (1979), *cert. denied*, 445 U.S. 952, 100 S.Ct. 1602, 63 L.Ed.2d 787, *rehearing denied*, 446 U.S. 947, 100 S.Ct. 2178, 64 L.Ed.2d 804 (1980). That court held that Klobuchir's due process and equal protection claims had been waived,[6] and that Klobuchir had never been in jeopardy for first degree murder. Thus, the court held that neither the double jeopardy clause of the Fifth Amendment of the United States Constitution nor the Pennsylvania double jeopardy clause had been violated.[7] Thereafter, the Pennsylvania Supreme Court reaffirmed its *Klobuchir* decision. *Commonwealth v. Tabb*, 421 A.2d 183 (Pa. 1980); *Commonwealth v. Newmiller*, 487 Pa. 410, 409 A.2d 834 (1979).

After certiorari was denied, Klobuchir filed a petition for a writ of habeas corpus in federal court. The district court denied Klobuchir relief, in an order dated June 2, 1980. That order denied a stay of the state court proceedings and dismissed Klobuchir's petition. This appeal followed.

## II.

Klobuchir argues before us that he cannot be "retried" for first degree murder because he has already been "implicitly acquitted" of that charge. By accepting his guilty plea to third degree murder, Klobuchir asserts that the trial judge, by implication, found him innocent of first degree murder.

**2.** 18 Pa.C.S.A. § 2502 (Supp.1980). § 2502 consists of first, second and third degree murder. "A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." Murder of the second degree is felony murder and is not applicable here. "All other kinds of murder shall be murder of the third degree."

**3.** 18 Pa.C.S.A. § 2503 (1973).

**4.** Relief was granted pursuant to 19 P.S. § 1180–1 *et seq.* (Supp. 1978–79) (repealed, June 27, 1980). Klobuchir was given a right to plead anew and to demand trial by jury.

**5.** The Common Pleas Court did not specify the grounds which led it to invalidate Klobuchir's guilty plea. The Pennsylvania Supreme Court, when ruling upon Klobuchir's double jeopardy claim, found that the failure to inform Klobuchir of the presumption of innocence led to the

invalidation of his guilty plea. See Comment to Pa.R.Crim.Pro. 314(a); *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977).

**6.** The Pennsylvania Supreme Court noted that it might not have had jurisdiction at the pre-trial stage of the proceedings to consider Klobuchir's equal protection and due process claims. *Commonwealth v. Klobuchir*, 405 A.2d at 884 n.5.

**7.** The pertinent Pennsylvania provision, Article 1, Section 10 of the Pennsylvania Constitution states that: "[n]o person shall, for the same offense, be twice put in jeopardy of life or limb . . . ." It is essentially identical to the Fifth Amendment double jeopardy clause. *See* note 1, *supra; Commonwealth v. Klobuchir*, 405 A.2d at 887.

In support of this double jeopardy claim, Klobuchir relies heavily upon *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). In *Green*, the defendant was charged with first and second degree murder [8] and was convicted by the jury on the latter count. Green appealed, and his conviction for second degree murder was vacated. He subsequently was retried and was then convicted of first degree murder. The Supreme Court held that the retrial of Green for first degree murder was barred by the double jeopardy clause of the Fifth Amendment. The Court reasoned that when the jury did not convict Green of first degree murder, it had implicitly acquitted him of that charge. He had run the "gauntlet", *id.* at 190, 78 S.Ct. at 225, and, at least with respect to first degree murder, had escaped unscathed. The Court explained that one purpose of double jeopardy was to protect an individual from the "hazards of trial and possible conviction more than once for an alleged offense." *Id.* at 187, 78 S.Ct. at 223. The Court went on to state that to allow a second prosecution for first degree murder would be to disregard this purpose of double jeopardy. The Court added that a defendant should not be placed in the dilemma of either surrendering an implied acquittal to a higher charge, or acquiescing to an improper conviction. *Id.* at 193–94, 78 S.Ct. at 226–227.

Klobuchir claims that by analogy, *Green* governs his case. He likens the trial judge's acceptance of his plea to third degree murder to Green's conviction by the jury on the lesser charge of second degree murder. Klobuchir therefore insists that he faces the same onerous dilemma that Green faced—either accept an illegal conviction, or have it vacated and risk conviction on a higher charge with the attendant danger of a harsher sentence.

■ Klobuchir's analogy, however, is seriously flawed. Unlike a judge accepting a guilty plea, the jury, when it convicts on a lesser included offense, has had a full opportunity to convict on the greater charge. The jury's return of a guilty verdict on the lesser charge can be interpreted as an implicit acquittal only because it has rejected the opportunity to convict on the greater charge. But the trial judge, by accepting Klobuchir's guilty plea to third degree murder, quite obviously could not have considered any greater charge. He thus could not have "convicted" Klobuchir of first degree murder—an option that was available to the jury in the *Green* case. Accordingly, Klobuchir, who had not stood trial as Green had, never was in jeopardy of being convicted of first degree murder.

Later Supreme Court cases reinforce this analysis. Thus in *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) the district court, at the close of all the evidence, erroneously dismissed two counts of the indictment, because of pre-indictment delay. The Supreme Court held that the defendant could be retried because "a defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor] correct or not, of some of or all of the factual elements of the offense charged." *Scott* at 97, 98 S.Ct. at 2197 quoting *United States v. Martin Linen*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). The trial judge's acceptance of Klobuchir's third degree murder plea here did not in any way imply or determine that Klobuchir was not guilty of first degree murder.[9]

■ Since Klobuchir has never been "implicitly acquitted" of first degree murder, he does not confront the dilemma which Green faced: surrender an acquittal or accept an illegal conviction. Here Klobuchir only surrendered the benefits of the plea bargain, not an acquittal. His dilemma was

---

**8.** Green was also charged and convicted of arson.

**9.** Most recently in *United States v. DiFrancesco*, —— U.S. ——, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), in an analogous situation, the Court rejected the defendant's claim that the imposition of less than the permissible maximum sentence is an implicit acquittal of any greater sentence. *Id.* at —— n.14, 101 S.Ct. at 436 n.14.

therefore not of the same character or nature as Green's. *Cf. North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (*double jeopardy* places no restriction upon the length of the sentence imposed after retrial).

Klobuchir apparently asserts as well that even if there was no determination as to his guilt or innocence of first degree murder, the double jeopardy clause prevents his retrial on that count. He claims that a defendant has an interest "in avoiding multiple prosecution even where no final determination of guilt or innocence has been made." *United States v. Scott, supra* at 92, 98 S.Ct. at 2194. Thus, he claims, if the government abandons its prosecution once the trial has reached a certain point, jeopardy attaches and the government ordinarily will not be permitted to retry the defendant. Klobuchir's argument continues that jeopardy attached at the time he pleaded guilty to third degree murder and that no retrial on any greater charge may thereafter be permitted. We find no more merit to this argument than we did to his original argument.

▆ In a jury trial jeopardy attaches when the jury is empaneled and sworn; in a non-jury trial jeopardy attaches when the court begins to hear evidence. *See, e. g., Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). Neither stage has ever been reached here, and as a consequence jeopardy has yet to attach. In holding that the double jeopardy clause does not prevent the retrial of Klobuchir for first degree murder after the court had vacated his guilty plea to third degree murder, a lesser included offense, we are in agreement with the rule of every other circuit that has addressed this issue.[10]

### III.

▆ Klobuchir has also raised issues before us involving due process and equal protection. Apparently, similar issues were raised before the Pennsylvania Supreme Court. That court did not reach those issues because Klobuchir had raised them for the first time on appeal.

We are frank to confess that we do not understand the substance of Klobuchir's claims. Of equal concern to us is the fact that there are at least three major considerations concerning the propriety of our review which are implicated by these constitutional claims—yet none of these considerations have been analyzed nor adequately briefed. Indeed two of them have never even been mentioned by Klobuchir.

We observe, for instance that Klobuchir has not addressed the issue of whether a due process or equal protection claim may be reviewed by federal habeas *prior* to state trial, even if, as he alleges, the claims may have double jeopardy overtones.[11] Secondly, Klobuchir has neither adverted to nor discussed exhaustion considerations.[12] Lastly, no assistance nor analysis has been

---

10. *See Hawk v. Berkemer,* 610 F.2d 445 (6th Cir. 1979) *overruling Rivers v. Lucas,* 477 F.2d 199 (6th Cir.), *vacated and remanded on other grounds,* 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 (1973) and *Mullreed v. Kropp,* 425 F.2d 1095 (6th Cir. 1970); *United States v. Williams,* 534 F.2d 119 (8th Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *United States v. Anderson,* 514 F.2d 583 (7th Cir. 1975); *Ward v. Page,* 424 F.2d 491 (10th Cir.), *cert. denied* 400 U.S. 917, 91 S.Ct. 178, 27 L.Ed.2d 157 (1970). *See also United States v. Myles,* 430 F.Supp. 98 (D.D.C.), *aff'd. mem.* 569 F.2d 161 (D.C.Cir.1978). *Cf. United States ex rel. Williams v. McMann,* 436 F.2d 103 (2d Cir. 1970), *cert. denied,* 402 U.S. 914, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971) (*North Carolina v. Pearce* inapposite).

11. We have held that double jeopardy claims may be raised on habeas prior to a state trial. *See, e. g. United States ex rel. Webb v. Court of Common Pleas,* 516 F.2d 1034 (3d Cir. 1975). *See* discussion in *Gully v. Kunzman,* 592 F.2d 283, 287 & n.9 (6th Cir. 1979). *See also* note 6, *supra,* which reflects the similar concern of the Pennsylvania Supreme Court when faced with pre-trial review of due process and equal protection claims.

12. *See United States ex rel. Trantino v. Hatrack,* 563 F.2d 86 (3d Cir. 1977); *Zicarelli v. Gray,* 543 F.2d 466 (3d Cir. 1976) (en banc).

furnished us as to whether our review—would or would not be barred by the state procedural default.[13] Klobuchir's brief does no more than flatly declare, *ipse dixit*, that the Pennsylvania rules of practice are unconstitutional. No reasons have been given supporting such a conclusion.

In such a posture we could either rule on the merits—a ruling which necessarily would be adverse to Klobuchir because we have no basis to do otherwise, or we could, as we do, decline to reach Klobuchir's due process and equal protection claims. Since the record and briefs do not present these issues properly or adequately, we prefer taking the latter course.

## IV.

Having concluded that: (1) double jeopardy does not bar the retrial of Klobuchir for first degree murder: and (2) that we cannot reach Klobuchir's equal protection or due process claims on the present state of the record; we will affirm the order of the District Court dated June 2, 1980, which dismissed Klobuchir's petition for a writ of habeas corpus.

JAMES HUNTER, III, Circuit Judge, concurring:

I join with the majority in holding that the fifth amendment double jeopardy clause does not bar Klobuchir's trial for first degree murder after his guilty plea and sentence for third degree murder, a lesser included offense, have been vacated. *See Hawk v. Berkemer*, 610 F.2d 445 (6th Cir. 1979); *United States v. Williams*, 534 F.2d 119 (8th Cir.) *cert. denied*, 429 U.S. 984, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *Commonwealth of Pa. v. Klobuchir*, 486 Pa. 241, 248–53, 405 A.2d 880, 885–87 (1979).

As I understand his brief, however, appellant raises two additional constitutional arguments on appeal: appellant contends that his trial for first degree murder violates his fourteenth amendment rights to due process and equal protection because the prosecution was vindictively motivated.[1] While due process and equal protection arguments

---

**13.** The Pennsylvania Supreme Court in *Commonwealth v. Klobuchir*, 405 A.2d at 883–84, held that Klobuchir had waived these two issues by not having raised them before the trial court. This ruling was predicated upon Pennsylvania's Rule of Criminal Procedure 306 governing pre-trial motions, and its appellate counterpart, Pennsylvania Rule of Appellate Procedure 302(a). To constitute an adequate and independent state ground, the interpretation of the rules of practice in *Commonwealth v. Klobuchir* had to be constitutionally sound and have a fair and substantial basis in state law. *See generally, NAACP v. Alabama, ex rel. Patterson*, 357 U.S. 449, 457–58, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); *Lawrence v. State Tax Comm'r*, 286 U.S. 276, 282, 52 S.Ct. 556, 558, 76 L.Ed. 1102 (1932).

If the Pennsylvania Supreme Court's interpretation of Pennsylvania practice rules was constitutional and supported by state law, as we believe it to be, *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), then Klobuchir's procedural default may bar federal habeas review as well. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). *See also*

*Boyer v. Patten*, 579 F.2d 284, 286 (3d Cir. 1978).

We discuss this issue no further because the parties have not adequately addressed it.

**1.** Though inartfully, the appellant does argue:

By reindicting the Petitioner for a more serious offense on the present case, the prosecution has opened the petitioner up to a much harsher sentence due to the fact that he has exercised his constitutional rights under the Post Conviction Hearing Act. Petitioners in general will now be faced with the non-choice of either forfeiting their appellate rights or being vulnerable to harsher liability. Prosecutors will be capable of discriminatory interference with the due process of the law. And as this Court indicated in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), an "inherent vindictiveness" will now turn on the petitioner who attempts to realize his constitutional rights.

Appellant's Brief at 6–7.

Appellant raised the due process and equal protection arguments for the first time on appeal before the Pennsylvania Supreme Court. *Klobuchir*, 486 Pa. at 247, 405 A.2d at 883.

often accompany double jeopardy claims in challenging the constitutionality of a trial for a more serious offense or the retrial and stricter sentencing for the same offense, *see, e. g., Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Miracle v. Estelle,* 592 F.2d 1269 (5th Cir. 1979), as "historically and analytically distinct areas of constitutional concern," *Klobuchir,* 486 Pa. at 246, 405 A.2d at 884, *citing, Pearce,* 395 U.S. at 719, 89 S.Ct. at 2077, these issues must be raised separately at each level of state appeal. If not, they are waived under Pennsylvania law. *See* Pa.R.Crim.P. 306; Pa.R.App.P. 302(a).

Without some indication as to why the Pennsylvania procedure is constitutionally defective, I agree with the majority that we cannot permit appellant to bypass the state procedures and raise these issues upon application for a writ of habeas corpus. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Therefore, because appellant waived his due process and equal protection arguments by failing to raise them properly in the state courts, I would reject those claims.

Accordingly, I concur with the majority that the district court's judgment should be *affirmed.*