UNITED STATES of America,
Plaintiff-Appellee,

v.

Loan Kim BARKER,
Defendant-Appellant.

No. 81–1691.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 1982.

Decided July 12, 1982.

Rehearing Denied Sept. 10, 1982.

Bernard L. Segal, San Francisco, Cal., argued, for defendant-appellant; Richard A. Pipes, Agana, Guam, on brief.

David Wood, U. S. Atty., Agana, Guam, for plaintiff-appellee.

Before KILKENNY and HUG, Circuit Judges, and BROWN *, District Judge.

HUG, Circuit Judge:

Loan Kim Barker seeks dismissal of an indictment charging her with first degree murder and conspiracy to commit murder. Barker negotiated a plea agreement with the Government under which she pleaded guilty to second degree murder and the Government moved to dismiss the indictment. When Barker's guilty plea was set aside, the Government reinstated the original indictment. Barker contends this reinstatement violated her rights under the double jeopardy clause.

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's refusal to dismiss the indictment. *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977). We affirm.

## I

Barker and four other defendants were indicted for first degree murder and conspiracy to commit murder after the death of Barker's husband, Albert. Because the crime occurred at the Barkers' residence in Federal Aviation Authority housing on the island of Guam, the indictment alleged violations of 18 U.S.C. §§ 1111 and 1117. The Government charged that Barker and Joseph Reyes had hired the three other defendants to kill Albert Barker by injection of a lethal substance.

Barker and Reyes entered into plea agreements under which each agreed to plead guilty to second degree murder. Barker's plea was entered at a protracted hearing at which the district judge attempted to make the inquiries required by Fed.R. Crim.P. 11(c) and (d). Because Barker's native language is Vietnamese, and her ability to speak English is limited, establishing on the record that the plea was knowing and voluntary posed special problems. After assurances from Barker's counsel that Barker fully understood the effect of her plea, the district judge accepted the plea, dismissed the indictment, and sentenced Barker to a term of twenty years imprisonment.

Barker subsequently retained her present counsel, who moved under 28 U.S.C. § 2255 to set aside her plea and conviction. The district judge agreed that Barker had not been adequately informed of the nature of the second degree murder charge. He set aside the judgment and vacated his order dismissing the indictment.

Barker pleaded not guilty to both counts, and then moved for dismissal of the indictment. She argued that in accepting her plea of guilty to second degree murder, the district court necessarily found that there was an adequate factual basis for the charge of second degree murder. She contended that finding "acted as an acquittal" as to first degree murder and conspiracy to commit murder. In Barker's view, retrial on the two charges on which she had been acquitted was precluded by the double jeopardy clause.

Citing cases from several other circuits that reject implicit acquittal claims identical to Barker's,[1] the district court denied the motion to dismiss the indictment. The proceedings were stayed pending this appeal.

---

* The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

1. Numerous cases from other circuits have considered the specific contention advanced by

Barker and rejected it. *See Klobuchir v. Pennsylvania*, 639 F.2d 966 (3d Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 474 (1981); *Hawk v. Berkemer*, 610 F.2d 445 (6th Cir. 1979); *United States v. Johnson*, 537 F.2d 1170 (4th Cir. 1976); *United States v. Williams*,

## II

Barker's implied acquittal theory is derived from *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The defendant in *Green* was tried for first degree murder. The jury was given a lesser included offense instruction, and convicted Green of second degree murder. That conviction was reversed, and Green was retried on the first degree murder charge. The Court held that retrial on the greater charge violated the double jeopardy clause. "Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder." *Id.* at 190, 78 S.Ct. at 225 (footnote omitted).

■ Barker's attempted analogy to *Green* fails for two reasons. First, she is not similarly situated to the *Green* defendant. She has not stood trial on the first degree murder charge, and thus has not been "in direct peril" of conviction and punishment on that charge. *See United States v. Williams*, 534 F.2d 119, 121 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976). Trial on the first degree charge will not constitute reprosecution; nor will Barker be subjected to the physical, psychological and financial burdens that arise when the Government attempts repeated prosecutions. *See United States v. Scott*, 437 U.S. 82, 87, 98 S.Ct. 2187, 2191, 57 L.Ed.2d 65 (1978); *Howard v.*

United States, 372 F.2d 294, 299 (9th Cir.), *cert. denied*, 388 U.S. 915, 87 S.Ct. 2129, 18 L.Ed.2d 1356 (1967). In fact, the failure of the initial proceeding to result in a final judgment was not a product of Government action, but of Barker's own decisions to plead guilty and to have that plea set aside. *See United States v. Dahlstrum*, 655 F.2d 971, 975 (9th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1293, 71 L.Ed.2d 472 (1982); *Hawk v. Berkemer*, 610 F.2d 445, 448 (6th Cir. 1979).

■ More importantly, there has not yet been a consideration of the factual bases of the first degree murder and conspiracy charges by a trier of fact. A conviction on a lesser included offense can only effect an acquittal as to the more serious offense where the conviction "actually represents a resolution (in the defendant's favor), correct or not, of some or all of the factual elements of the [more serious] offense charged." *Scott*, 437 U.S. at 97, 98 S.Ct. at 2197, *quoting United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). The jury in *Green* had before it both the first and second degree charges. It considered the facts and apparently determined that essential factual elements of the first degree charge were lacking. Having resolved those factual questions in Green's favor, the jury rejected the first degree charge and convicted Green of second degree murder.

■ The district judge's review of a plea agreement does not serve a parallel function. The decision to negotiate a plea bargain and seek dismissal of the indictment is within "the executive's undeniable discretion to decide not to pursue a particular prosecution any further." *United States v. Myles*, 430 F.Supp. 98, 101 (D.D.C. 1977), *aff'd* 569 F.2d 161 (D.C.Cir.1978).

534 F.2d 119 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *United States v. Anderson*, 514 F.2d 583 (7th Cir. 1975); *United States ex rel. Williams v. McMann*, 436 F.2d 103 (2d Cir. 1970), *cert. denied*, 402 U.S. 914, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971); *Ward v. Page*, 424 F.2d 491 (10th Cir.), *cert. denied*, 400 U.S. 917, 91 S.Ct. 178, 27 L.Ed.2d 157 (1970); *United States v. Myles*, 430 F.Supp. 98 (D.D.C.1977), *aff'd* 569 F.2d 161 (D.C.Cir.1978). Although this court has not directly considered Barker's claim, it has stated in dicta that "[i]f, for example, a defendant pleaded guilty to one count and the prosecutor dismissed the others, it should be reasonably apparent that the dismissal was in consideration of the plea; if the defendant succeeded in withdrawing the plea, he should not be able to object to the prosecutor's reviving the other counts." *United States v. Gerard*, 491 F.2d 1300, 1306 (9th Cir. 1974).

*See also United States v. Hamm,* 659 F.2d 624, 628–29 & n.13 (5th Cir. 1981); *United States v. Ammidown,* 497 F.2d 615, 621 (D.C.Cir.1973). The district judge has discretion to accept or reject the plea that results from the Government's negotiations. *United States v. O'Brien,* 601 F.2d 1067, 1069 (9th Cir. 1979); Fed.R.Crim.P. 11(e)(2). We assume the judge also has a supervisory duty to determine, from the standpoint of the public interest, after considering the nature of the charges and facts involved, whether reducing the plea is so unreasonable that the prosecutor is not properly carrying out his function. *See Hamm,* 659 F.2d at 629; *Ammidown,* 497 F.2d at 620; Fed.R.Crim.P. 48(a); *but see Rinaldi v. United States,* 434 U.S. 22, 29, n.15, 98 S.Ct. 81, 85, n.15 54 L.Ed.2d 207 (1977) (expressly reserving question whether court can deny Government motion to dismiss indictment as contrary to public interest).

■ Nevertheless, the trial judge's review of a plea agreement is not a forum for consideration of the factual basis of the abandoned charges. Any determination as to the defendant's guilt or innocence is restricted to the specific charge to which the defendant has agreed to plead guilty. In accepting the plea to the lesser offense, the judge is not free to consider conviction or acquittal on the more serious offense. In the context of a plea hearing, the latter charge is not before him. *See Klobuchir v. Pennsylvania,* 639 F.2d 966, 969 (3d Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 474 (1981); *Hawk,* 610 F.2d at 447.

Barker argues that her plea presented extraordinary circumstances that allow us to infer the district judge did consider and reject the elements of first degree murder. Prior to the acceptance of Barker's plea, her co-defendant, Joseph Reyes, pleaded guilty to second degree murder and briefly related the facts of his involvement. Barker's own plea hearing involved extended discussions, devoted in part to Barker's description of the acts and plans of the conspirators. In Barker's view the defendants' responses to the trial judge's numerous questions allowed him to hear "the very essence of the Government's case." He thus had the op-

portunity to consider and reject the more serious charge. We are not persuaded by this argument.

■ Before accepting a guilty plea, Fed. R.Crim.P. 11 requires the trial judge to develop on the record the factual basis for the plea. *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); *United States v. Lopez-Beltran,* 607 F.2d 1223, 1225 (9th Cir. 1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1322, 63 L.Ed.2d 765 (1980). The judge must satisfy himself that there is sufficient evidence to conclude that the conduct admitted by the defendant constitutes the offense charged. *United States v. Neel,* 547 F.2d 95, 96 (9th Cir. 1976); *see also* Notes of Advisory Committee on Rules, Rule 11 (1966 Amendment). This requirement has as its primary purpose protection of the defendant's rights to trial, confrontation and avoidance of compulsory self-incrimination. *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). In addition, adherence to Rule 11 creates a record that allows careful review of plea hearings and discourages frivolous post-conviction attacks on the validity of pleas. *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). Despite these important policies, Barker would have us hold, in essence, that the sentencing judge can go too far in exercising his duties under Rule 11. We decline to place the district courts in the difficult position of drawing fine lines between the defendant's interest in submitting a knowing and voluntary plea and society's interest in "one complete opportunity to convict those who have violated its laws." *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). We therefore hold that reinstatement of the indictment after Barker withdrew her guilty plea was not barred by double jeopardy.

### III

Barker also alleges that reinstatement of the indictment constituted prosecutorial vindictiveness in retaliation for her success in challenging her conviction. These facts do not permit such an inference.

■ We note first that the reinstatement did not result from an affirmative act of

the prosecutor, but from the district court's vacation of its order dismissing the indictment. When the conviction was set aside and the judge's approval of the plea withdrawn, the prosecutor had only one mechanism for proceeding against Barker: the original indictment. *See United States v. Johnson*, 537 F.2d 1170, 1175 (4th Cir. 1976); *United States v. Anderson*, 514 F.2d 583, 588 (7th Cir. 1975). Returning Barker to the position she was in before she asserted, and then withdrew, her guilty plea did not enhance her risk of punishment and thus did not imply any retaliatory intent. The Supreme Court recently held that even when changes are made enhancing the charges after the refusal of a defendant to plead guilty this does not give rise to a presumption of vindictiveness. *United States v. Goodwin*, —— U.S. ——, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Reinstatement of the indictment therefore posed no threat to Barker's due process rights.

The district court order denying the motion to dismiss the indictment is AFFIRMED and the case is REMANDED for trial.