UNITED STATES of America, Appellee,

v.

Dennis MOORE, Appellant.

No. 80–1702.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1981.

Decided Jan. 21, 1981.

---

16. The Rule itself contains several specific exceptions to the exclusion of witnesses on request. *See* note 13, *supra*.

Storment, Stegmeyer & Read, Dennis Moore, St. Louis, Mo., for appellant; Paul M. Storment, Jr., St. Louis, Mo., of counsel.

Robert D. Kingsland, U. S. Atty., Edward L. Dowd, Jr., Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Dennis Moore appeals from a judgment entered in the District Court for the Eastern District of Missouri[1] upon a jury verdict finding him guilty of distribution of cocaine, 21 U.S.C. § 841(a)(1), and conspiracy to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. Appellant was sentenced to six years imprisonment on each count, to be served concurrently. For reversal appellant argues the district court erred in (1) refusing to delineate its reasons for rejecting the plea agreement, and (2) failing to grant appellant's motion for judgment of acquittal on the conspiracy count. For the reasons discussed below, we affirm the judgment of the district court.

On May 21, 1980, Dennis Moore was charged in a two-count indictment with (1) knowingly and intentionally distributing co-

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

caine and (2) conspiring to distribute cocaine. Pursuant to Fed.R.Crim.P. 11, defense counsel and the assistant U.S. attorney met before trial and entered into an agreement whereby appellant would plead guilty to a charge of unlawful use of communications (telephone) in violation of 21 U.S.C. § 843(b) in exchange for dismissal of the original indictment. The district court refused to accept the guilty plea and gave no reasons on the record for refusal. The district court also did not conduct a voir dire of appellant before or after rejecting the agreement.

■ Under Fed.R.Crim.P. 11,[2] the district court need not accept every guilty plea; a district court is under no duty to consider a negotiated plea agreement. *In re Yielding*, 599 F.2d 251 (8th Cir. 1979). Rule 11 does not require district courts to either accept a guilty plea or delineate its reasons for rejecting it.[3] Furthermore, although voir dire would not have been unreasonable,[4] Rule 11 does not mandate such a procedure when the guilty plea has been rejected.

■ In sum, it is held that the district court's rejection of the proposed guilty plea was not beyond the scope of its broad discretion.

Next, appellant argues that the district court erred in denying his motion for the judgment of acquittal on the grounds that insufficient evidence existed in the record to sustain a jury verdict of conspiracy to distribute cocaine. *Irizarry v. United States*, 508 F.2d 960 (2d Cir. 1974). The prosecution argues that the existence of a conspiracy rests in the purview of the jury as a finding of fact. *See Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

■ After carefully reviewing the record, we find that the evidence clearly establishes the existence of a conspiracy beyond a reasonable doubt. Appellant was present at the scene of the crime and admitted that he delivered the contraband as requested in furtherance of the transaction. Appellant discussed the transaction with his co-defendants prior to the distribution and admitted at trial that he "assumed that the substance he delivered was cocaine." Willfulness, intent and guilty knowledge may be proved by circumstantial evidence and frequently cannot be proved in any other manner. *United States v. Wisdom*, 534 F.2d 1306 (8th Cir. 1976); *see also United*

---

2. Fed.R.Crim.P. 11(e)(2), (4) provide in pertinent part:

   [T]he court may accept or reject the [plea bargaining] agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. . . .

   . . . . .

   . . . If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

3. Appellant places emphasis on *United States v. Ammidown*, 162 U.S.App.D.C. 28, 497 F.2d 615, 622 (1973), which held that the judge may withhold approval of a guilty plea if he finds that the prosecutor has failed to consider factors in the public interest, but the judge may not withhold approval merely because his con-

ception of the public's interest differs from that of the prosecuting attorney.

   The precedential value of *Ammidown* has been considerably diminished since the adoption of the 1974 amendments to Rule 11 that were intended to increase the discretionary authority of the district court in dealing with guilty pleas. *See* H.R.Rep.No.94–247, 94th Cong., 1st Sess., *reprinted in* [1975] U.S. Code Cong. & Ad.News, pp. 674, 677–79 & nn.7a & 8.

4. Subdivision (e)(4) requires the court, if it rejects the plea agreement, to inform the defendant of this fact and to advise the defendant personally, in open court, that the court is not bound by the plea agreement. The defendant must be afforded an opportunity to withdraw his plea and must be advised that if he persists in his guilty plea or plea of nolo contendere, the disposition of the case may be less favorable to him than that contemplated by the plea agreement. Fed.R.Crim.P. 11(e)(4) note (Advisory Committee on Rules, 1974 Amendment).

*States v. Edwards,* 488 F.2d 1154 (5th Cir. 1974).

Accordingly, the judgment of the district court is affirmed.