805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jay BALL, Defendant-Appellant.
 No. 85-5863.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1986.
 
 1
 Before NELSON and RYAN, Circuit Judges, and ENSLEN, District Judge*.
 
 ORDER
 
 2
 This appeal is from the August 22, 1985 Order of the district court denying a motion to vacate sentence filed by the appellant Jay V. Ball. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Ball, a federal prisoner, filed his pro se motion to vacate sentence, pursuant to 28 U.S.C. Sec. 2255, alleging that the assistance he received from his two retained trial attorneys was so ineffective as to deprive him of his Sixth Amendment right to effective assistance of counsel. Specifically, Ball contends that his trial counsel falsely reported to him that the trial judge refused to accept a plea agreement that Ball had been offered by the government and that, as a result of this false report, he was deprived of the opportunity to plead guilty to a charge for which he would have received a lesser sentence. Further, Ball contends that his counsel's trial performance was defective because his prior felony conviction was admitted into evidence and because counsel brought to the attention of the jury the fact of Ball's prior conviction. The district court found it to be plain "from the face of the motion and the annexed exhibits and the prior proceedings" that Ball was entitled to no relief and summarily dismissed the motion pursuant to Rule 4(b), Rules Governing Sec. 2255 Proceedings. Ball, through counsel, timely filed his notice of appeal on September 23, 1985. In this Court, Ball contends that the district court should have held an evidentiary hearing to determine the issues raised herein.
 
 
 4
 28 U.S.C. Sec. 2255 allows a federal prisoner to challenge a sentence imposed in violation of the Constitution or laws of the United States. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the motion may be summarily dismissed if "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the movant is entitled to no relief. As the district court noted, to prevail on his ineffective assistance of counsel claim Ball must show that counsel's performance was deficient; i.e., that his counsel made errors so serious that "counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." Ball must then show that counsel's "deficient performance prejudiced the defense"; i.e., that "counsel's errors were so serious as to deprive ... [him] of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 Ball contends that he was deprived of the opportunity to plead guilty because his counsel falsely represented to him that the court had rejected a plea bargain offered to him by the prosecution. To that claim the district court responded:
 
 
 6
 At the time of the proceedings against Mr. Ball, the undersigned had followed a 19-year policy of refusing to consider plea agreements; ... even if the Court had considered the plea agreement of which Mr. Ball contends he was deprived, in all likelihood it would have rejected it in view of Mr. Ball's past conduct and he would have been left facing trial on his pleas of not guilty. Therefore, it is pure speculation, and not a reasonable probability, that, but for this claimed deficiency of counsel, Mr. Ball would have received a lesser sentence. (District Court Memorandum Opinion, pp. 4-5.)
 
 
 7
 Ball then argues that if the district court has in fact denied all plea agreements for 19 years, that would be an abuse of discretion in ruling on his plea bargain. This argument is of no weight. A district court has broad discretion in dealing with guilty pleas, and it is under no duty to consider a negotiated plea agreement. Rule 11(e)(2), Federal Rules of Criminal Procedure; United States v. Moore, 637 F.2d 1194, 1196 (8th Cir.1981). The government asserts that there was never a plea agreement to be accepted or rejected by the court. Rather, there was a mere offer by the government which expired without acceptance on May 18, 1981. The district court correctly held that even if counsel's alleged false representation deprived Ball of the opportunity to plea bargain, such would not have resulted in "such a denial or infringement of the constitutional rights of the prisoner" (28 U.S.C. Sec. 2255), as to permit collateral relief herein. It is well settled that a person charged with a crime has "no constitutional right to plea bargain". Weatherford v. Bursey, 429 U.S. 545, 561 (1977).
 
 
 8
 "A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of ... any ... constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution."
 
 
 9
 Mabry v. Johnson, 467 U.S. 504, 507 (1984).
 
 
 10
 Ball also claims that counsel was ineffective because the prosecutor was allowed to use his prior felony conviction for impeachment purposes, and because counsel brought to the attention of the jury the fact that he was a convicted felon. The district court correctly found these to be matters purely of trial strategy which do not fall outside the wide range of professionally competent assistance. See Strickland v. Washington, supra, at 689.
 
 
 11
 As to Ball's claim that the district court should have held an evidentiary hearing to determine the issues raised by his motion, this Court disagrees. The motion, and the files and records of the case conclusively show that "... [Ball] is entitled to no relief ..." 28 U.S.C. Sec. 2255. See Baker v. United States, 781 F.2d 85 (6th Cir.1986). While some unprofessional errors by counsel may be deemed unreasonable, they do not warrant setting aside a criminal conviction if the errors had no effect on the judgment. As stated by the Supreme Court in Strickland, the test is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. It is clear from the district court's statement (that a lesser sentence for Ball was not a reasonable probability in light of Ball's past conduct) that the result would very likely have been the same. As to alleged errors in counsel's trial performance, Ball cannot show that the result of the proceeding would have been different. In affirming his conviction on appeal, this Court found that the evidence of Ball's guilt was overwhelming, and that he was "accorded a fundamentally fair, if not perfect or errorless, trial." United States v. Ball, Case No. 81-5546 (May 7, 1982).
 
 
 12
 Accordingly, it is ORDERED that the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation