276 N.J. Super. 483 (1994)
648 A.2d 266
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS E. DANIELS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 20, 1994.
Decided October 7, 1994.
*485 Before Judges PRESSLER, LANDAU and NEWMAN.
Susan L. Reisner, Public Defender, attorney for appellant (Susan Herman, Assistant Deputy Public Defender, of counsel and on the brief).
Deborah T. Poritz, Attorney General, attorney for respondent (Carol M. Henderson, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by LANDAU, J.A.D.
Defendant Thomas E. Daniels appeals from his conviction which followed jury trial on an indictment charging him with second degree robbery (N.J.S.A. 2C:15-1). He was sentenced to a custodial term of ten years with four years of parole disqualification and a VCCB penalty. A motion for sentence reconsideration was dismissed.
Prior to trial, defendant sought to enter a negotiated plea to a reduced charge of third degree theft, for which the prosecutor had agreed to recommend probation conditional upon a 364-day county-jail term, to run concurrent with a sentence already being served on a violation of probation. Another charge of probation violation was also to be dropped. The retraxit plea was placed upon the record before one Law Division judge but, following completion of the pre-sentence report, the plea agreement was rejected by the judge before whom the matter was scheduled for sentence, and the case was set down for trial.
*486 Defendant argues on appeal:
POINT I
THE COURT'S REFUSAL TO ALLOW THE DEFENDANT TO PLEAD GUILTY TO THIRD DEGREE THEFT FROM THE PERSON PURSUANT TO A PLEA AGREEMENT WITH THE STATE WAS ERRONEOUS, REQUIRING A REMAND. (Not Raised Below).
POINT II
THE ADMISSION OF THE PRETRIAL PHOTOGRAPHIC IDENTIFICATION AS WELL AS THE SUBSEQUENT IN-COURT IDENTIFICATION OF THE DEFENDANT BY SAMUEL WILLIS CONSTITUTED A DENIAL OF DUE PROCESS, AND WAS REVERSIBLE ERROR, SINCE EACH WAS THE UNRELIABLE PRODUCT OF UNNECESSARILY SUGGESTIVE IDENTIFICATION PROCEDURES WHICH GAVE RISE TO A SUBSTANTIAL LIKELIHOOD OF MISIDENTIFICATION. U.S. Const. Amend. VIII, XIV; N.J. Const. (1947), Art. I, par. 1.
POINT III
THE TRIAL COURT'S INSTRUCTION TO THE JURY AS TO REASONABLE DOUBT WAS ERRONEOUS, RESULTING IN A DENIAL OF DEFENDANT'S DUE PROCESS RIGHTS AND RIGHT TO A FAIR TRIAL, REQUIRING REVERSAL OF DEFENDANT'S CONVICTION, U.S. Const. Amends. V, VI, VIII, XIV; N.J. Const. (1947), Art. I, par. 1 (Not Raised Below).
POINT IV
DEFENDANT'S SENTENCE WAS MANIFESTLY EXCESSIVE AND DISPROPORTIONATE TO THE CRIME, REQUIRING A REMAND FOR RESENTENCING.
Because of its importance, we consider defendant's contention, not raised below (see R. 2:10-2), that this matter must be remanded for a statement of reasons by the trial judge why defendant was not permitted to enjoy the benefit of the plea agreement initially placed on the record.
Defendant's brief proceeds on the apparent misapprehension that no pre-sentence report was prepared until February 26, 1992, whereas the plea agreement was rejected on December 20, 1991. Our review of the pre-sentence report shows that it was updated on February 26, 1992, after defendant's trial and conviction, but that it was initially prepared on December 10, and approved for distribution on December 12, 1991, evidently in preparation for the sentencing then scheduled for December 20, 1991. As noted in defendant's brief, when the plea agreement was rejected on that day, the reasons were not placed on record.
*487 R. 3:9-2 provides that, "The Court, in its discretion, may refuse to accept a plea of guilty...." Even where the court has given a preliminary indication of willingness to accept a plea agreement under R. 3:9-3, it is clear that:
If at the time of sentencing the court determines that the interests of justice would not be served by effectuating the agreement reached by the prosecutor and defense counsel or by imposing sentence in accordance with the court's previous indications of sentence, the court may vacate the plea or the defendant shall be permitted to withdraw the plea.
[R. 3:9-3(e).]
Defendant relies on State v. Bilse, 244 N.J. Super. 20, 581 A.2d 518 (L.Div. 1990), which said, "The court should not substitute its judgment as to the relative merits of a proffered plea agreement unless clearly warranted by the facts readily available to the court through the presentence report." Id. at 30, 581 A.2d 518. We agree that a judge's reasons for rejection of a plea should be made known. We hold, however, that the Bilse pronouncement improperly imposes a stricter standard for rejection upon the sentencing judge than the simple exercise of discretion test unequivocally set down in R. 3:9-2.
The federal authority relied upon in Bilse, United States v. Ammidown, 497 F.2d 615 (D.C. Cir.1973), has long been superseded by amendments to Rule 11 (Pleas) of the Federal Rules of Criminal Procedure and by subsequent federal cases which enhance the discretionary authority of the district courts in dealing with guilty pleas. See United States v. Greener, 979 F.2d 517, 519 (7th Cir.1992); United States v. Moore, 637 F.2d 1194, 1196 n. 3 (8th Cir.1981). We note, too, that defendant's plea agreement was not submitted under, or in accordance with, the procedures set forth in R. 3:9-3(c).
In appellate review of judicial rejection of proffered plea agreements, the appropriate standard to be applied must be that of erroneous exercise of judicial discretion, not whether the recommended plea agreement constitutes an abuse of prosecutorial discretion. This understanding of the interpretation and effect to be given to R. 3:9-2 and R. 3:9-3 is consistent with the recent separation of powers holdings in State v. Vasquez, 129 N.J. 189, 196, 609 A.2d 29 (1992), and State v. Lagares, 127 N.J. 20, 601 *488 A.2d 698 (1992), where, unlike the present case, the Legislature had specifically delegated a limited sentencing discretion to county prosecutors. Absent such specific legislative delegation, we will not interpret R. 3:9-2 and R. 3:9-3 to dilute the primacy of the court's sentencing power. N.J. Const. Art. 3, ¶ 1; Art. 6, Sec. 1, ¶ 1.
In the present case, we believe that the sentencing judge's rejection of the plea agreement clearly survives application of either standard of review. Indeed, at the March 1992 sentencing, the prosecutor requested an extended sentence. Our review of the December 12, 1991, pre-sentence report discloses fifteen juvenile adjudications, including three separate commitments to Jamesburg; twenty-two adult convictions, including several indictables; one pending unsentenced conviction; numerous incarcerations; violations of probation; and a clear recommendation of incarceration by the probation department.
Under the Criminal Code, the 364-day county jail sentence initially recommended can only be imposed, in the case of persons convicted of a crime, as a condition of a probation upon a sentence rendered under N.J.S.A. 2C:43-2b(2). The pre-sentence report here plainly recommended against any further probationary sentences in light of defendant's record.
Although the court's reason for rejecting the plea agreement should have been more formally communicated, its basis had to be evident upon receipt of the pre-sentence report in December. We discern no prejudice to the defendant.
In our view, judicial approval of such a plea agreement for this persistent offender and probation violator would have constituted an abuse of discretion. Thus, the error of failure to communicate reasons for rejection in a timely fashion was harmless. R. 2:10-2. The court's reasons, moreover, were made evident upon sentencing when the judge referred, inter alia, to his prior refusal to go along with the downgrade, to defendant's clear status as a career criminal, to the substantial risk of further offenses, and to *489 the absence of any factors in mitigation. Imposition of the ten-year statutory sentence maximum for second degree offenses, with a parole disqualifier, was clearly warranted. See State v. Roth, 95 N.J. 334, 364-65, 471 A.2d 370 (1984).
Upon careful review of the record, we conclude that defendant's remaining contentions as to the suggestive nature of defendant's in-court and out-of-court identifications, and as to an erroneous jury instruction on reasonable doubt (not raised below), are without merit. R. 2:11-3(e)(2); R. 2:10-2; State v. Marshall, 123 N.J. 1, 135-136, 586 A.2d 85 (1991); State v. Madison, 109 N.J. 223, 232, 536 A.2d 254 (1988); State v. Santoro, 229 N.J. Super. 501, 504, 552 A.2d 184 (App.Div. 1988).
Affirmed.