# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3414
_____

United States of America

*Plaintiff - Appellee*

v.

Maksim Valentinovich Demikh

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: March 10, 2017
Filed: April 7, 2017
[Unpublished]
_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.
_____

PER CURIAM.

Maksim Demikh was charged in a two count indictment with armed bank robbery and using, carrying, and brandishing a firearm during a crime of violence.

The district court[1] refused to accept Demikh's guilty plea. After a jury convicted him of both counts, the court sentenced Demikh to 57 months' imprisonment on count one and 84 months on count two, to run consecutively. Demikh appeals, arguing that the district court abused its discretion by rejecting his guilty plea and clearly erred by denying him a downward sentencing adjustment for acceptance of responsibility. We affirm.

I.

An indictment that was filed on April 15, 2015 charged Daniel Alley and Maksim Demikh with one count of armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d), and one count of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). Alley pled guilty to count one on September 8. On September 22, Demikh appeared in front of the district court to plead guilty to count one in exchange for the dismissal of count two. The parties both believed that Demikh's guidelines range would be either 63 to 78 months or 77 to 96 months, depending on whether the district court accepted Demikh's argument that he was a minor participant in the crime under U.S.S.G. § 3B1.2(b).

After the government inquired about the facts underlying the armed bank robbery charge, it asked Demikh, "Did anybody force you to commit this bank robbery?" Demikh responded, "No." The government later asked him, "You did it willingly; is that right?" Demikh responded, "Well, not willingly, but -- I mean, I had my reasons, but I wasn't forced." Demikh then explained that he had "just got forced into it," but then stated that he "[d]idn't really get forced by [Alley], but felt like I was -- I had to do it."

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

The district court then put the following questions to Demikh. It asked, "Well, were you forced by gunpoint or threat of death or injury to do this robbery?" Demikh equivocated. As Demikh described it: "I mean, [Alley] had a gun, but -- I don't know. I was kind of scared because he was just kind of going crazy. He said he was about to do anything to get some money." The court then inquired, "Well, prior to going into the bank did he threaten you with the gun to get you to go in the bank with him?" Demikh responded by stating, "No, -- but I mean, I was scared. He said he's not scared or afraid to shoot anybody. I thought if I wasn't going to do it, he might just shoot me or something." Throughout the remainder of the September 22 plea hearing, the district court and Demikh's attorney continued to ask him whether Alley had coerced him into committing the armed bank robbery. Demikh provided more equivocal answers, and the court recessed the hearing to allow his attorney to discuss duress and coercion defenses with his client.

At the second change of plea hearing on September 28 Demikh continued to provide equivocal answers as to whether Alley had forced him to commit the armed bank robbery. When the government asked Demikh whether Alley had "threatened [him] with physical harm," Demikh responded "No." Later, however, when the government asked him a similar question Demikh responded, "No. He just said, like, I'm not scared of killing anybody." The government subsequently asked whether Demikh believed he had been coerced. Demikh answered, "How is it okay if he, like, threatened and threatened?" The district court concluded the plea hearing by stating, "Let's end this. Let's set a trial date."

A trial was held on November 16 and 17. The jury found Demikh guilty on both counts. The presentence report (PSR) determined that he was in criminal history category III and it calculated a total offense level of 23 for count one after determining that Demikh was not entitled to acceptance of responsibility under U.S.S.G. § 3E1.1. The PSR also recommended that Demikh receive a seven year consecutive sentence

on count two under 18 U.S.C. § 924(c)(1)(A)(ii) and U.S.S.G. § 2K2.4(b). Demikh objected to the recommendation against an acceptance of responsibility reduction, arguing that he twice attempted to enter a guilty plea. The district court agreed with the PSR calculations and determined that his guideline range on count one was 57 to 71 months. It then imposed a sentence of 57 months on count one and 84 months on count two to run consecutively. Demikh appeals the district court's rejection of his guilty plea as well as the denial of a reduction for acceptance of responsibility.

II.

Demikh argues that the district court abused its discretion when it rejected his guilty plea. A defendant does not have an "'absolute right to have a guilty plea accepted' and a district court 'may reject a plea in exercise of sound judicial discretion.'" United States v. Brown, 331 F.3d 591, 594 (8th Cir. 2003) (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). Federal Rule of Criminal Procedure 11(b)(3) requires a district court to "determine that there is a factual basis for the plea" before accepting it. For a guilty plea to be valid, the defendant must admit "all of the elements of a criminal charge." United States v. Williams, 557 F.3d 556, 560 (8th Cir. 2009) (quoting Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1988)).

Demikh argues that at the two plea hearings he admitted all of the armed robbery elements but did not provide a sufficient factual basis to support the affirmative defense of coercion. Even assuming his factual assertions were correct, the district court did not abuse its discretion by rejecting his guilty plea. In the Brown case the defendant's guilty plea was rejected by the district court after it determined that she had equivocated on whether she had "possessed a sufficient amount of marijuana to warrant a conviction under the indictment." 331 F.3d at 594. Our court concluded that even though Brown's admissions at the plea hearing might have been

"enough to support her plea of guilty," the district court had not abused its discretion because she had equivocated at the plea hearing on facts material to the offense. See id. at 595. Like the defendant in Brown, Demikh equivocated throughout both his plea hearings on whether Alley had coerced him into committing armed bank robbery.

Whether a defendant has been coerced is material to whether there is a factual basis for the plea because a coercion defense "negates a conclusion of guilt." Dixon v. United States, 548 U.S. 1, 7 (2006) (quoting United States v. Bailey, 444 U.S. 394, 402 (1980)). Here, the district court carefully undertook its obligations under Rule 11(b) by repeatedly attempting to clarify Demikh's responses and adjourning the first plea hearing so that he would have an opportunity to discuss his potential defenses with his attorney. Thus, the district court did not abuse its "broad discretion in deciding" to reject Demikh's guilty plea. See Brown, 331 F.3d at 595 (quoting United States v. Bettelyoun, 503 F.2d 1333, 1336 (8th Cir. 1974)).

Demikh also argues that the district court failed to explain adequately why it rejected his plea. It is clear from the context, however, that the district court rejected Demikh's plea due to his repeated assertions that Alley had forced him to commit the crime and his implication that his actions had not been voluntary. Indeed, the court indicated that it was recessing the first plea hearing so that Demikh could talk to his lawyer about his defenses. And at the second plea hearing the district court adjourned the hearing after Demikh continued to equivocate on whether Alley had coerced him into committing the robbery. Although "Rule 11 does not require district courts to either accept a guilty plea or delineate its reasons for rejecting it," United States v. Moore, 637 F.2d 1194, 1196 (8th Cir. 1981) (per curiam), it is clear that the district court rejected Demikh's guilty plea because he continued to claim that Alley had forced him to commit the robbery.

III.

Demikh next argues that the district court erred by denying his request for a sentencing reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. We review a district court's "decision to deny an acceptance-of-responsibility reduction for clear error." United States v. Bell, 411 F.3d 960, 963 (8th Cir. 2005). It is a defendant's burden to "clearly demonstrate[] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). This sentencing "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Id. app. n.2. Nevertheless, "in rare situations" a defendant who goes to trial may be able to prove acceptance of responsibility. Id. For example, a defendant may be eligible for the reduction if he "goes to trial to assert and preserve issues that do not relate to factual guilt." Id.

Demikh argues that the district court clearly erred by concluding that it was precluded as a matter of law from reducing Demikh's sentence under U.S.S.G. § 3E1.1. Demikh premises this argument on the district court's statement at sentencing that "the Court cannot and will not give acceptance of responsibility." Demikh quotes this statement out of context, however. The district court preceded that statement by indicating that the "core issue here is did you accept" responsibility and because he did not accept responsibility the court stated that it "cannot and will not give you" a reduction. The district court thus did not determine that Demikh was precluded as a matter of law from receiving a reduction under U.S.S.G. § 3E1.1.

Demikh also argues that he clearly demonstrated acceptance of responsibility because throughout the district court proceedings he consistently admitted all of the armed robbery elements. This argument ignores the fact that the district court denied Demikh's request for an acceptance of responsibility reduction because he consistently

claimed that he had been coerced into committing the crime despite the fact that the testimony at trial did not support that defense.  The district court  therefore did not clearly err by denying Demikh's request for a downward sentencing adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility.

## IV.

For these reasons we affirm the district court.

_____