89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Michael Emery NOEL, Jr., Defendant-Appellant.
 No. 95-30146.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1996.*
Decided June 10, 1996.
 
 1
 Before: PREGERSON and TASHIMA, Circuit Judges, and JONES, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 This case involves the common scenario where a man living with a woman and her children from another marriage, abuses and eventually murders one of the children. In this case, the victim was a three year-old girl. The provocation for the ultimate assault was that the child had dirtied her pants.
 
 
 4
 The parties are well familiar with all of the facts that were developed during this trial and there is no useful purpose to repeat them in this unpublished opinion. In sum, the evidence demonstrated that the defendant had abused this child two months previously and then engaged in physical abuse which caused her death.
 
 
 5
 The defendant, an African-American, raises these issues on appeal:
 
 
 6
 A. Whether defendant's jury was impartial and chosen through a nondiscriminatory process that provided a fair cross-section of the community;
 
 
 7
 B. Whether the district court abused its discretion in rejecting a plea agreement that would have allowed defendant to plead guilty to voluntary manslaughter;
 
 
 8
 C. Whether the district court abused its discretion in admitting evidence that defendant had abused the victim two months before her death; and,
 
 
 9
 D. Whether the district court erred in determining that defendant attempted to obstruct justice.
 
 
 10
 None of these claims have legal merit. We address each issue in the order presented above.
 
 
 11
 A. Whether Defendant's Jury Was Impartial and Chosen Through a Nondiscriminatory Process That Provided a Fair Cross-Section of the Community.
 
 
 12
 Defendant's jury venire contained no African-Americans. He argues that the absence of any African-Americans on the jury venire deprived him of his right to a petit jury chosen from a fair cross-section of the community.
 
 
 13
 A challenge to the composition of a petit jury is reviewed "independently and non-deferentially." United States v. Cannady, 54 F.3d 544, 546 (9th Cir.), cert. denied, 116 S.Ct. 210 (1995).
 
 
 14
 A defendant is not entitled to a jury of any particular composition. Taylor v. Louisiana, 419 U.S. 522, 538 (1975). However, a defendant demonstrates a violation of the Sixth Amendment right to an impartial jury trial by proving that the jury venire from which the petit jury was selected did not represent a fair cross-section of the community. Duren v. Missouri, 439 U.S. 357, 364 (1979). The Supreme Court established the following factors for determining whether a jury selection violates the Sixth Amendment:
 
 
 15
 (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.
 
 
 16
 United States v. Sanchez-Lopez, 879 F.2d 541, 546 (9th Cir.1989) (quoting Duren, 439 U.S. at 364).
 
 
 17
 Defendant has met the first Duren factor, but not the remaining two.
 
 
 18
 In United States v. Miller, 771 F.2d 1219 (9th Cir.1985), the Ninth Circuit ruled that to satisfy the second factor, "the defendant [must] show underrepresentation in 'venires' from which 'juries' are selected." Id. at 1228 (citing Duren at 364). A violation of the fair cross-section requirement cannot be premised upon proof of underrepresentation in a single jury. Miller, 771 F.2d at 1228. Because defendant provided no information regarding any other venires, his claim does not satisfy the second segment of the Duren test.
 
 
 19
 In addition, defendant's evidence revealed an absolute disparity between the population as a whole and the jury venire of 3.6 percent. We have held that absolute disparities below 7.7 percent are insubstantial and constitutionally permissible. United States v. Suttiswad, 696 F.2d 645, 648-49 (9th Cir.1982); see also United States v. Rodriguez, 776 F.2d 1509, 1511 (11th Cir.1985) ("Although precise mathematical standards are not possible, this circuit has consistently found that a prima facie case of underrepresentation has not been made where the absolute disparity ... does not exceed 10 percent.") Therefore the 3.6 percent disparity in this case does not violate the Sixth Amendment.
 
 
 20
 Finally, defendant provided no evidence of any systematic exclusion. Instead, the evidence established that the jury selection process follows the criteria and methods recommended by the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq., which mandate random jury selection. The potential jurors were selected at every stage by way of a computerized random selection process.
 
 
 21
 B. Whether the District Court Abused Its Discretion in Rejecting a Plea Agreement That Would Have Allowed Noel to Plead Guilty to Voluntary Manslaughter.
 
 
 22
 The defendant next claims that the district court abused its discretion in rejecting a plea agreement that would have allowed defendant to plead guilty to voluntary manslaughter.
 
 
 23
 It is within the sound discretion of the district court to reject or accept any plea agreement. United States v. Barker, 681 F.2d 589, 592 (9th Cir.1982). The U.S. Sentencing Guidelines do not eliminate this discretion and provides in Section 6B1.2(a):
 
 
 24
 The plain implication of this section is that if the sentencing court believes that the remaining charges do not adequately reflect the seriousness of the defendant's behavior, the court should not accept the plea agreement ...
 
 
 25
 [W]e hold that the sentencing court should reject a plea bargain that does not reflect the seriousness of the defendant's behavior ...
 
 
 26
 Here, the trial judge disagreed with the prosecution that this case should be reduced to the lesser charge, because he believed that such reductions trivialize child abuse and killing of African-American children, or any other child. Neither the defendant nor the prosecution provided adequate justification for the reduction of such an alleged heinous offense when the court indicated it was not ready "at this time" to accept a plea to the lesser charge. The appropriate charge was Second Degree Murder and the jury so found.
 
 
 27
 C. Whether The District Court Abused Its Discretion In Admitting Evidence That Defendant Had Abused The Victim Two Months Before Her Death.
 
 
 28
 The defendant next claims the trial court erred in admitting evidence that defendant had abused the child two months before her death. There was ample evidence offered proving that this defendant did abuse this child two months previously. Such evidence is admissible under Federal Rule of Evidence 404(b). See, e.g., United States v. Boise, 916 F.2d 497, 500-503 (9th Cir.1990) (evidence of prior injuries by child admissible under Rule 404(b) against defendant charged with murdering the child), cert. denied, 500 U.S. 934 (1991). Indeed, the Supreme Court has so ruled in Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475 (1991).
 
 
 29
 D. Whether the District Court Erred In Determining That Defendant Attempted To Obstruct Justice.
 
 
 30
 Finally, the defendant claims the district court erred in determining defendant attempted to obstruct justice. The defendant's testimony was directly contrary to the physical and circumstantial evidence offered by the prosecution. The trial judge decided that these explanations rose to the level of perjury. We have reviewed the record and find the district court's determination that the defendant attempted to obstruct justice is fully justified.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3